**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BRANDON GROSSINGER,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-2039** |
| | : | |
| **GOOGLE LLC, *et al.*,** | : | |
| **Defendants.** | : | |

## MEMORANDUM

**BEETLESTONE, C.J.** **JULY 29, 2026**

In a prior Memorandum and Order, the Court dismissed the complaint filed by Brandon Grossinger asserting claims against Google LLC and Stephen D. Watson in his official capacity as Bucks County Court Administrator. *Grossinger v. Google LLC*, No. 26-2039, 2026 WL 1662759 (E.D. Pa. June 9, 2026). The claims under Title III of the Americans with Disabilities Act ("ADA") against Google were dismissed with prejudice but the Court granted Grossinger leave to amend his ADA Title II and constitutional claims asserted against Watson based on a denial of access to the court. *Id.* at *9-10. Grossinger has now returned with an Amended Complaint (ECF No. 27).[1] Because Grossinger fails to allege the "actual injury" element of both his ADA and constitutional access to courts claims, and any failure to accommodate claim under the ADA is also not plausible, the case will be dismissed.

## I. FACTUAL ALLEGATIONS[2]

[1] Grossinger filed two versions of his Amended Complaint on the same day (ECF Nos. 26 & 27.) The second one contains exhibits that were not included with the first version. The Court deems the second-filed version to be the operative pleading.

[2] The factual allegations set forth in this Memorandum are taken from the Amended Complaint (ECF No. 27) and attached exhibits. The Court adopts the sequential pagination assigned to all pleadings by the CM/ECF docketing system.

Grossinger asserts he is disabled by reason of Post-Treatment Lyme Disease Syndrome. (Am. Compl. ¶¶ 11-13.) He was "involved" in state court proceedings in the Bucks County courts including a case before a Magisterial District Court and related Court of Common Pleas filings. (*Id.* ¶ 14.) He received a written communication signed by Defendant Watson instructing him "not to refile certain paperwork with the Prothonotary or Clerk of Courts, not to fax or email corrected papers to Court Administration, and to return the entire corrected application directly to Court Administration either in person or by mail." (*Id.* ¶ 15.) He asserts that these instructions "created a substantial disability-related barrier because, during the relevant period, [he] was experiencing disability-related neurological symptoms, had limited ability to travel, and relied on written electronic communication and assistive technology to understand and respond to court-related requirements." (*Id.* ¶ 16.) On June 15, 2026, he "sent Court Administration a written ADA accommodation request describing [his] neurological flare and asking for accessible clarification concerning the filing and communication instructions." (*Id.* ¶ 17.) Court Administration responded that it did not understand Grossinger's request, stating that "Court Administration and the Court's ADA Coordinator could not extend court-mandated deadlines [and also stating that Grossinger] had been permitted to e-file pleadings while warning that emailing documents was not filing them." (*Id.* ¶ 18; pgs. 10, 19-20, 27-28.) Grossinger responded that the mailed instructions "appeared to conflict with the later electronic statement that e-filing was permitted." (*Id.* ¶ 19; pg. 25.) He alleges that Watson had actual or constructive notice of his "disability-related communication needs" but despite this notice "did not provide a clear accessible answer identifying which procedure controlled, did not identify the official issuing the contradictory instructions, and did not provide an effective accommodation path for [him] to understand and protect his court access rights." (*Id.* ¶¶ 20-21; pgs. 26-27.)

Grossinger asserts that, notwithstanding the directive to submit documents via mail or in person and not "re-file through the Prothonotary" or fax or email corrected documents, he received an unsigned "electronic communication" several days later stating that he could use the e-filing system. (*Id.* ¶ 22.) When he attempted to find out who sent the message, he did not receive "a clear response identifying the issuing official or reconciling the conflicting instructions." (*Id.*) Apparently, earlier filings he sent through the e-filing system were accepted but later returned to him for correction due to alleged errors. (*Id.*) Grossinger claims that the allegedly contradictory instructions and "lack of clear responses to his disability-related accommodation requests," impaired his ability to understand filing requirements, protect his rights, and "obtain meaningful access to the courts while proceeding pro se with documented disabilities." (*Id.*) Combined with problems he was having with Google and IBM cloud accounts that were the basis of his now dismissed Title III ADA claims, Grossinger asserts the instructions "increased the risk that [he] would miss court communications, misunderstand filing procedures, or lose the ability to preserve legal rights." (*Id.* ¶¶ 24, 26.) The alleged barriers also "contributed to adverse procedural consequences including inability to respond effectively to court requirements and increased risk of default, dismissal, or loss of rights in pending matters." (*Id.* ¶ 27.)

Based on these facts, Grossinger asserts a claim under Title II of the ADA against Watson in his official capacity as Buck County Court Administrator, claiming his policies or practices denied him meaningful access to court services. (*Id.* ¶¶ 32-33.) This denial, he claims, was by reason of his disability because the communication barriers and failure to clarify accessible procedures disproportionately affected his neurological limitations and accommodation needs. (*Id.* ¶ 34.) As a result, he "suffered injury including loss of meaningful

court access, inability to respond effectively to court requirements, and related damages." (*Id.* ¶ 35.) Grossinger asserts a First Amendment denial of access to courts claim via 42 U.S.C. § 1983 based on the same facts. (*Id.* ¶¶ 37-42.) He seeks a declaration that his rights have been violated and injunctive relief requiring Watson to provide clear and effective ADA accommodation procedures and to preserve all records.[3] (*Id.* at 8.)

Appended to the Amended Complaint are documents concerning Grossinger's ADA accommodation request to the Bucks County Court Administrator. In a letter dated February 18, 2026, that office noted that Grossinger had requested "written confirmation of an accessible filing method (including email submission if necessary), a reasonable extension of any active deadlines while accommodation and record-related issues are being resolved, and email-only communication as an accommodation." (*Id.* at pg. 32.) The letter provides that "e-filing is an approved filing method" and the author is "not permitted to alter statutory filing deadlines, his request to use email "had already been addressed," and the author was not permitted to waive filing fees – rather Grossinger had to file a petition to proceed *in forma pauperis*. (*Id.*) The author concluded that the court did not fail to accommodate his disability and gave him instructions to appeal that determination with Defendant Watson. (*Id.*) Grossinger filed an appeal asserting, somewhat confusingly, that his grievance was initially filed because the e-filing

[3] Declaratory relief is unavailable to adjudicate past conduct, so Grossinger's request for this declaratory relief is improper. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not "meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm.").

portal demanded a fee he could not pay as an indigent litigant. Yet, he claimed, it processed his February 18 filing with regard to an order to show cause without charge, and he took issue with the court "simultaneously find[ing] that no ADA violation occurred while processing the exact filing that was blocked by the fee barrier." (*Id*. at 35, 38, 41.) He also complained about his grievance being bifurcated between the Court Administrator and the Prothonotary (*id*. at 44), that the e-filing portal displays only partial records (*id*. at 47), and that it took 87 days from when he made an accommodation request to get the response (*id*. at 47).[4]

## II. STANDARD OF REVIEW

Because the Court has granted Grossinger leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). Although this "plausibility standard is not akin to a 'probability requirement,'" it demands "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)). At this early stage of the litigation, the Court will accept

[4] Grossinger does not allege in his Amended Complaint any facts that the bifurcation, partial display of records, or the delay in determining his accommodation request were themselves an ADA violation. "While courts may consider exhibits attached to a complaint when considering whether dismissal is appropriate, a plaintiff does not automatically incorporate into [his] complaint every fact asserted in such attachments." *Hymer v. Kross*, No. 23-2374, 2024 WL 3026781, at *2 (3d Cir. June 17, 2024) (citing cases).

the facts alleged in the Amended Complaint as true, draw all reasonable inferences in Grossinger's favor, and ask only whether the Amended Complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

The Court construes *pro se* allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.* (quoting *Mala*, 704 F.3d at 245); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) (*per curiam*) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

## III. DISCUSSION

### A. Access to Court Claims

In the Court's prior decision, Grossinger's First Amendment access to courts claim was determined to be implausible because he failed to allege he suffered an actual injury. *Grossinger*, 2026 WL 1662759 at *10 (setting forth the elements of the claim and finding that "[w]hile he described actions by Watson that may have obstructed his filing papers in state court, he does not describe the underlying cause of action in any way. It is incumbent upon Grossinger to describe the underlying claim or defense, explain how it is nonfrivolous, and identify a

remedy he cannot receive in that underlying suit."). To satisfy the actual injury element, *i.e.*, that he suffered a lost arguable claim, Grossinger was required to describe the claim in his Amended Complaint "well enough to show that it is 'more than mere hope,' and must describe the 'lost remedy.'" *Id*. (quoting *Monroe v. Beard*, 536 F.3d 198, 205-06 (3d Cir. 2008).

In his Amended Complaint, Grossinger states only that was "involved" in state court proceedings in the Bucks County courts, including a case before a Magisterial District Court and related Court of Common Pleas filings. (*Id*. ¶ 14.) He asserts that Watson's actions "increased the risk that [he] would miss court communications, misunderstand filing procedures, or lose the ability to preserve legal rights" (*id*. ¶¶ 24, 26), and that the alleged barriers also "contributed to adverse procedural consequences including inability to respond effectively to court requirements and increased risk of default, dismissal, or loss of rights in pending matters." (*Id*. ¶ 27.) He does not, however, describe the case or cases in any more detail, including whether he was an actual party - rather than merely "involved," and the nature of the claims or defenses, or explain how the claims or defenses were arguable. As the Court has explained, the underlying cause of action, whether anticipated or lost, is an element of the First Amendment access to courts claim that must be described with sufficient specificity to satisfy Rule 8 of the Federal Rules of Civil Procedure. *Grossinger*, 2026 WL 1662759, at *10. Merely alluding to a case in which he was "involved" fails to meet this pleading requirement. Further, he does not describe with any specificity what deadlines, if any, he missed or how his legal rights were, in fact, affected. Accordingly, the First Amendment access to court claim will be dismissed.[5]

---

[5] While not an issue that has been extensively litigated, court have held that the requirement of an actual injury also applies to an access to courts claim under the ADA. *See McCauley v. Georgia*, 466 F. App'x 832, 837 (11th Cir. 2012) (*per curiam*) ("Even accepting the allegations in McCauley's complaint as true, she fails to state an access to the courts claim because she did not allege actual injury. . . . Thus, . . . she has not . . . stated an access to the

**B. Failure to Accommodate Claim**

While Grossinger primarily frames his claims under the access to courts rubric, any independent ADA claim based on a failure to accommodate his disability is also not plausible. While not entirely clear, he may be attempting to assert a failure to accommodate claim because he received allegedly contradictory instructions about how he could file documents. He mentions that certain documents were returned to him because they were incorrect and he was instructed not to fax or email them, but to return the papers in person or by mail. (Am. Comp. ¶ 15.) When he complained and sent a written accommodation request, the Court Administration responded that (1) the official could not extend court-mandated deadlines and (2) Grossinger had been permitted to e-file pleadings.[6] (*Id.* ¶ 18; pgs. 10, 19-20, 27-28.) Grossinger's failure to accommodate claim appear to be based on his allegation that the original mailed instructions "appeared to conflict with the later electronic statement that e-filing was permitted." (*Id.* ¶ 19; pg. 25.) He alleges that Watson had actual or constructive notice of his "disability-related communication needs" but despite this notice "did not provide a clear accessible answer identifying which procedure controlled, did not identify the official issuing the contradictory

court claim under the ADA."); *Jones v. Kalinjia*, No. 23-186, 2024 WL 3951988, at *9 (C.D. Cal. Mar. 5, 2024) (holding that plaintiff's access to courts claims under both the First Amendment and the ADA failed because he did not allege the defendant's actions hindered his efforts to pursue a nonfrivolous legal claim), *report and recommendation adopted*, 2024 WL 3952551 (C.D. Cal. Aug. 26, 2024); *Keitt v. NYS Dep't of Corr. & Cmty. Supervision*, No. 11-855, 2015 WL 2383687, at *23 (W.D.N.Y. May 19, 2015) (citing *McCauley* and holding that prisoner's failure to identify any specific lawsuit or claim that was hindered by defendants' alleged conduct, which rendered his First Amendment access claim implausible, also made his ADA Title II claim not plausible). In any event, as described next, Grossinger's ADA Title II claims are not plausible for additional reasons.

[6] Grossinger does not allege in the Amended Complaint that he asked for extension of time as an accommodation, only that he sought an accommodation of "accessible clarification concerning the filing and communication instructions." (Am. Compl. ¶ 17.)

instructions, and did not provide an effective accommodation path for [him] to understand and protect his court access rights." (*Id.* ¶¶ 20-21; pgs. 26-27.)

Title II of the ADA requires public entities to provide, in all of their programs, services, and activities, a reasonable accommodation to qualified individuals with disabilities. *Furgess v. Pa. Dep't of Corr.*, 933 F.3d 285, 288-89 (3d Cir. 2019). To state a plausible claim under the ADA, a plaintiff "must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability." *Id.* The element of discrimination by reason of disability can be met if a defendant failed to provide the plaintiff with reasonable accommodations for a disability. *Montanez v. Price*, 154 F.4th 127, 148 (3d Cir. 2025) (citing *Haberle v. Troxell*, 885 F.3d 170, 181 (3d Cir. 2018)). "The duty to accommodate is triggered when a disabled person's need for an accommodation becomes known, either because (1) he requests an accommodation or (2) his disability and concomitant need for an accommodation are open and apparent." *Id.* (citations omitted).

Grossinger's allegations fail to state a plausible failure to accommodate claim. Grossinger's subjective confusion notwithstanding, he concedes that he was accommodated in his request not to have to travel to deliver or mail documents since the court officials permitted him to e-file his documents. Other than his assertion that documents were initially returned to him – possibly because he improperly used email to originally send them (*see* Am. Compl. ¶ 22) – he does not allege that he was actually prevented from using the court's e-filing system as an accommodation to his disability. *See Selene v. Legislature of Idaho*, 514 F. Supp. 3d 1243, 1256-58 (D. Idaho 2021) (explaining that plaintiff cannot prevail under Title II of the ADA where a reasonable accommodation was provided to the plaintiff); *Gueltzau v. Warehime*, No.

24-430, 2026 WL 595912, at *4 (D. Neb. Mar. 3, 2026) (holding that email filings were not reasonably necessary where plaintiff was permitted to submit filings by other means including mail); *Hiramanek v. California Jud. Council*, No. 15-4377, 2016 WL 6427870, at *2 (N.D. Cal. Oct. 31, 2016) ("Nor has plaintiff explained how defendants' existing filing mechanisms are insufficient to accommodate his alleged disabilities."), *aff'd sub nom. Hiramanek v. Jud. Council of California*, 754 F. App'x 580 (9th Cir. 2019). The allegations that he did not receive a clear answer when he tried to determining who sent the instruction or whether Defendant Watson authorized it, allegedly impairing his ability to understand filing requirements (Am. Compl. ¶ 22), does not plausibly allege he was denied the requested accommodation of e-filing. Finally, his allegation that the confusion "contributed to adverse procedural consequences including the inability to respond effectively to court requirements and increased risk of default, dismissal, or loss of rights in pending matters" (*id.* ¶ 27), is both conclusory and speculative since he fails to identify any actual instance, rather than merely an "increased risk," of a negative consequence happening due to lack of an accommodation.

## IV. CONCLUSION

For these reasons, the Amended Complaint will be dismissed on statutory screening because Grossinger's access to courts claims under the ADA and § 1983 and his failure to accommodation claims, if any, are not plausible. The Court concludes that any further attempt at amendment would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (amendment by pro se litigant would be futile when litigant "already had two chances to tell his story"); *see also Gowans v. Axsom*, No. 25-2070, 2025 WL 2848907, at *2 (3d Cir. Oct. 8, 2025) (*per curiam*) (affirming where district court instructed plaintiff about the deficiencies in his complaint and gave leave to amend but the plaintiff's

subsequent filing "did not heed the Court's direction" (citing *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002) (*per curiam*) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."))); *Posey v. Klinefelter*, No. 25-1428, 2025 WL 1937084, at *2 (3d Cir. July 15, 2025) (*per curiam*) (affirming dismissal where the "District Court's orders and the Magistrate Judge's reports and recommendations all informed Posey as to the ways in which the complaints were deficient and provided multiple opportunities to amend, and yet Posey repeatedly failed to do so"). Accordingly, the dismissal will be with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). A final order of dismissal will be entered separately. Fed. R. Civ. P. 58(a).

**BY THE COURT:**

**S/ WENDY BEETLESTONE**

**WENDY BEETLESTONE, C. J.**